IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT RAY SHANER, DU-9569, )
    Petitioner, )
     )
    v. ) 2:11-cv-1188
     )
MR. JAMES McGRADY et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Robert Ray Shaner, and inmate at the State Correctional Institution- Retreat has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Because this is a successive petition, it will be transferred to the United States Court of Appeals for a determination of whether or not Shaner can proceed here.

    Shaner is presently serving a six to twenty year sentence imposed following his conviction upon a plea of guilty to charges of criminal attempt, criminal attempt robbery, unlawful restraint and risking a serious injury at No. 1046 of 1997in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on December 4, 1998.[1]

    Shaner previously filed a habeas petition in this Court which was docketed at No. 2:10-cv-859 and collaterally challenged this same conviction. The latter petition was dismissed on August 9, 2010 as both time barred and procedurally defaulted, a certificate of appealability was denied and no appeal was pursued.[2]

    On September 11, 2011, Shaner executed the instant petition in which he contends he is entitled to relief on the following grounds:

> Because I was being held wrongfully convicted because my victim family threatening to kill me and my family if I did not plea[d] guilty to this crime knowing that the victim file[d] a false report and knowing the victim could have gotten time for it as well and because there was D.N.A. on my crime.[3]

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Docket 2:10-cv-859.
[3] See: Petition at ¶13.

1

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant successive petition without leave of the Court of Appeals, it will be transferred to the United States Court of Appeals for authorization, if any, to proceed with the petition here.[4]

An appropriate Order will be entered.

---

[4] Because of the disposition here, the petitioner's motions for DNA testing of Dwight Shaner and appointment of counsel (Docket No.5) will be dismissed as moot.

ORDER

AND NOW, this 4th day of October, 2011, after the foregoing Memorandum was filed,

IT IS ORDERED that within fourteen days of this Order, the plaintiff show cause, if any, why such transfer should not occur.

                                                  s/ Robert C. Mitchell,

                                                  United States Magistrate Judge